UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE MARKEY JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2828** |
| **STEPHEN ENRIGHT, JR.** | **SECTION L (5)** |

### ORDER & REASONS

Before the Court is Defendant's motion to dismiss Plaintiff's suit. R. Doc. 7. Plaintiff has not opposed the motion or otherwise responded. Considering the record, the motion, and the applicable law, the Court now rules as follows.

I. BACKGROUND

Plaintiff Bruce Markey, Jr., proceeding *pro se*, brought the instant suit against Stephen Enright, Jr., a Louisiana state district court judge. R. Doc. 1. Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that Judge Enright violated Markey's constitutional rights by issuing various judgments and rulings in a child custody dispute in state court. *Id.* at 4. Markey alleges that Judge Enright improperly found him in contempt of court for "using [his] free speech rights" by "talking to [his] ex-wife in text." *Id.* He also alleges that Judge Enright ruled on custody without a jury, allegedly in violation of the Seventh Amendment. *Id.* Finally, Markey alleges that Judge Enright violated his due process rights by excluding unidentified "imperative" evidence during a hearing. *Id.* Markey seeks damages, including $250,000 "in suffering for my rights to my family being infringed." *Id.* at 5. He also seeks an order from this Court that he and his ex-wife will have "50/50" custody rights and financial obligations for their child. *Id.*

II. PRESENT MOTION

Defendant moves to dismiss the suit on four grounds. R. Doc. 7. First, he alleges that to the extent that Markey seeks a judgment altering Judge Enright's child custody, visitation, or support

1

rulings, this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. *Id.* at 2. Second, he avers that even if the Court did have jurisdiction, "this Court should abstain from exercising jurisdiction over such domestic relations" under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). *Id.* Third, he maintains that Plaintiff has failed to state a viable § 1983 claim because "(1) Judge Enright has absolute judicial immunity; (2) Judge Enright has qualified immunity; and (3) Markey failed to allege violations of his Constitutional rights." *Id.* Finally, Defendant argues that if Plaintiff was held in criminal contempt, his attempt to challenge this conviction on a § 1983 claim while the charge is still pending is premature and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.*

### III. LAW & ANALYSIS

Defendant seeks dismissal of Plaintiff's suit on the basis of (1) lack of jurisdiction and (2) failure to state a claim. Because the Court finds that it lacks jurisdiction, it does not reach Defendant's arguments as to failure to state a claim.

    **a.**     **Plaintiff's Claims Must Be Dismissed for Lack of Jurisdiction.**

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to seek dismissal of a complaint based on "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). For a Rule 12(b)(1) motion to dismiss, the burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* When examining a Rule 12(b)(1) motion, the district court may consider matters of fact that may be in dispute. *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998)).

The *Rooker–Feldman* doctrine deprives federal district courts of jurisdiction to hear "direct attacks on a state court judgment, as well as all claims that are inextricably intertwined with the state court proceedings." *AEP Energy Services Gas Holding Co. v. Bank of Am., N.A., No*. 03-4973, 2004 WL 2278770, at *11 (S.D. Tex. Sept. 14, 2004). The doctrine has four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017).

"Courts in this circuit have consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support." *Aikins v. Pitre*, No. 18-2341, 2018 WL 5634214, at *3 (N.D. Tex. Sept. 21, 2018) (collecting cases), *report and recommendation adopted*, No. 18-2341, 2018 WL 5621490 (N.D. Tex. Oct. 30, 2018). For example, in *McCormick v. Dempster*, the Fifth Circuit affirmed the district court's dismissal of a § 1983 action for lack of subject matter jurisdiction under *Rooker–Feldman* because the *pro se* plaintiff "asserted that her due process rights were violated by a state court's entry of a child custody order and another state court's enforcement of that order." 82 F. App'x 871, 871 (5th Cir. 2003). The Fifth Circuit further concluded the plaintiff's "federal allegations can be construed as requests for review of the state court orders or as issues that are 'inextricably intertwined' with those orders." *Id.*

Here, similarly, Plaintiff seeks review and modification of Judge Enright's custody and contempt determinations. This is precisely the type of suit which implicates the *Rooker-Feldman* doctrine. Thus, the Court finds that it lacks jurisdiction over Plaintiff's claims. Accordingly, the Court does not reach Defendant's argument that the case must be dismissed on 12(b)(6) grounds for failure to state a viable claim. However, the Court briefly advises Plaintiff that "the 7th Amendment applies only to proceedings in the courts of the United States and does not in any manner whatever govern or regulate trials . . . in state courts." *Martin v. Taylor County*, No. 23-052, 2024 WL 965298,

3

at *4 (N.D. Tex. Mar. 6, 2024). Furthermore, under the First Amendment, "free speech is not absolute." *Payne v. Payne*, No. 22-2709, 2024 WL 1257272, at *2 (N.D. Tex. Mar. 25, 2024). For example, "the Fifth Circuit [has] found that 'courts . . . have the power to enjoin harassing communication.'" *Id.* Thus, to the extent that Plaintiff argues that Judge Enright violated Plaintiff's "free speech rights" by holding him in contempt for texting his ex-wife, such allegation would likely fail to state a claim.

Overall, although the Court observes that Plaintiff's pleading has significant substantive flaws, the Court must dismiss the case on jurisdictional grounds without reaching the merits. Accordingly, the Court must dismiss the case without prejudice. *See Diaz v. O'Brien*, No. 24-129, 2025 WL 97647, at *1 (W.D. Tex. Jan. 13, 2025) ("Because *Rooker-Feldman* is jurisdictional, any dismissal must be without prejudice.").

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to dismiss, R. Doc. 7, is **GRANTED.** The suit is dismissed without prejudice.

New Orleans, Louisiana on this 10th day of April, 2025.

_____
Eldon E. Fallon
U.S. District Court Judge